OPINION OF THE COURT
Per Curiam.
Respondent was admitted to the practice of law by the Appellate Division, Second Department, on February 26, 1986, and he maintains an office in Liverpool. In September 2016, the Grievance Committee filed a petition containing four charges of misconduct against respondent, including neglecting client matters, failing to communicate with clients, and failing to cooperate in the investigation of the Grievance Committee. Although respondent was personally served with the petition on September 21, 2016, he thereafter failed to file an answer thereto or to request from this Court more time to do so. The Grievance Committee subsequently moved this Court for an order, pursuant to 22 NYCRR 1020.8 (c), finding respondent in default, deeming admitted the material allegations of the petition, and imposing discipline upon respondent. Although respondent was personally served with the motion on October 25, 2016, and his personal appearance was required on the return date thereof pursuant to section 1020.8 (c), he failed to file a response to the motion or to appear on the return date. Consequently, we grant the motion of the Grievance Committee, find respondent in default, and deem admitted the charges of misconduct.
Respondent admits that, from June 2014 through August 2016, he neglected two domestic relations matters, failed to respond to inquiries from the affected clients, and failed to cooperate with the Grievance Committee. Respondent also admits that he received from one client funds for anticipated costs in the amount of $260, which he neither deposited in an attorney trust account nor disbursed for the benefit of the client. Although one of the clients obtained a judgment against respondent in Small Claims Court for unearned legal fees in *37 the amount, of $2,510, respondent admits that he has failed to satisfy the judgment.
We conclude that respondent has violated the following Rules of Professional Conduct (22 NYCRR 1200.0):
rule 1.3 (a) — failing to act with reasonable diligence and promptness in representing a client;
rule 1.3 (b) — neglecting a legal matter entrusted to him;
rule 1.4 (a) (3) — failing to keep a client reasonably informed about the status of a matter;
rule 1.4 (a) (4) — failing to comply in a prompt manner with a client’s reasonable requests for information;
rule 1.15 (a) — misappropriating funds or other property belonging to another person that came into his possession incident to his practice of law;
rule 1.15 (c) (4) — failing to pay or deliver to a client or third person in a prompt manner as requested by that person the funds, securities, or other properties in his possession that such person is entitled to receive;
rule 8.4 (d) — engaging in conduct that is prejudicial to the administration of justice; and
rule 8.4 (h) — engaging in conduct that adversely reflects on his fitness as a lawyer.
We have considered, in determining an appropriate sanction, that respondent has previously received from the Grievance Committee a letter of admonition and a letter of caution and that he failed to participate in the instant proceeding, thereby evidencing a disregard for his fate as an attorney (see Matter of Rothschild, 127 AD3d 178, 180 [2015]). Accordingly, we conclude that respondent should be suspended from the practice of law for a period of three years and until further order of this Court. In addition, we direct respondent to make restitution in the amount of $260 to the client who paid respondent for anticipated costs. Although the Grievance Committee also requests restitution in relation to funds that were paid to respondent for anticipated legal fees, we deny that request inasmuch as the record does not establish that respondent “wilfully misappropriated or misapplied” those funds within the meaning of Judiciary Law § 90 (6-a). In the event that respondent applies to this Court for reinstatement to the practice of law, he must in the application sufficiently explain the circumstances of his default herein and establish that he has satisfied the aforementioned Small Claims Court judgment and paid all other funds owed to clients.
*38 Smith, J.P., Carni, DeJoseph, NeMoyer and Troutman, JJ., concur.
Order of suspension entered.